FLINT, SYNDIC, &c. *vs.* CUNY ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where two judgments are rendered in the same case, and the last is appealed from, and decided to be a nullity, the right of appeal on the first judgment is suspended, until the decision takes place, and an appeal may be taken within a year from that period, although more than a year has elapsed, since signing the judgment appealed from.

This is an action instituted by the syndic, appointed by the creditors of the late Samuel C. Cuny, to rescind two sales of certain negroes and other property, first conveyed by S. C. Cuny, in his life-time, by notarial act, dated 24th May, 1824, to Stephen E. Cuny, and by the latter to R. R. Cuny, by act dated 17th May, 1826. The consideration expressed in both sales, was eight thousand one hundred dollars. See *the case reported in* 6 *La. Reports,* 67.

In his answer, Dr. R. R. Cuny, the last purchaser, avers the sale to him was for a *bonâ fide* consideration, that he would pay off a judgment of N. Cox, against his deceased brother, S. C. Cuny; that in pursuance of said agreement, he has paid N. Cox seven hundred and fifty-four dollars and seventy-six cents, and obligated himself to pay the balance of one thousand two hundred and three dollars and forty-seven cents, with interest and costs. He further states, "he

WESTERN DIST. has never actually received into his possession, but a part of
October, 1834. the property enumerated in said sale; and avers he is willing
FLINT on his part, to re-convey *all the property that is in his possession,*
vs. by virtue of the said sale to him, to the petitioner, as syndic
CUNY ET AL. of the succession of Samuel C. Cuny, as soon as the said
syndic shall pay him the sum of seven hundred and fifty-four
dollars and seventy-six cents, with interest, &c., which he paid
to N. Cox, and pay the further sum of one thousand two
hundred and three dollars and forty-seven cents, with interest
and costs as stated, for which he has become bound to said
Cox, as a part of the consideration of said conveyance to him,
by S. E. Cuny."

In an amended answer subsequently put in, Dr. Cuny
pleads the prescription of one year against the action, as
tending to rescind the sales; and avers, no injury was
sustained by the creditors of S. C. Cuny, who are repre-
sented by the plaintiff, because they were not such at the
time of the sale to him, and that they became creditors (if
at all) since.

There were two appeals in this case. The first was tried,
and sent back from the last judgment rendered. The second
appeal was taken the 29th of October, 1833, from the first
judgment rendered in the District Court, which was signed
the 11th November, 1831. The Supreme Court decided,
that the last judgment rendered by the district judge, was
a nullity, and that the execution of the first judgment being
suspended, until a decision was had on the last, the appel-
lant's right of appeal was reserved accordingly. On the
return of the case to the District Court, the present appeal
was taken, although more than *a year* had elapsed, since the
signing of the judgment appealed from.

*Flint,* for the plaintiff, insisted that this case must be
dismissed, as the appeal was not taken, within a year from
the date of the judgment appealed from.

2. The sales from S. C. to S. E. Cuny, and from the latter
to Dr. Cuny, are simulated and void as to creditors, and must
be set aside.

3. The syndic represents the creditors collectively, and is not restricted in his action, to set aside said sales, to a year from their passage, but only within a year from the date of his appointment.

WESTERN DIST.
*October*, 1834.

FLINT
*vs.*
CUNY ET AL.

*Dunbar and Winn,* for the defendants.

1. The delay in appealing, in this case, was occasioned by the act of the appellee, who notified the defendants to comply with the last judgment, instead of the first, there being two in the same case.

2. The Supreme Court, in deciding that the first judgment was the right one to appeal from, has reserved the right of appeal, and the limitation to appeal within a year, runs only from the date of the decision of the appellate court. See 6 *La. Reports,* 67.

3. The sales were made for a good consideration, to indemnify Dr. Cuny against a claim he became responsible for, on account of S. C. Cuny, to N. Cox. Even creditors cannot set them aside, as more than a year elapsed before suit.

*Martin J.,* delivered the opinion of the court.

The facts of this case are correctly stated in the report of the decision of this court, when it was before us at the last term in October, 1833. See 6, *La. Reports,* 67. The judgment then appealed from, was reversed on the ground, that the District Court having already given a final judgment in the case, erred in re-considering that judgment, and rendering a second. The defendants are now appellants from the first judgment, and the appellees have prayed the dismissal of the appeal, on the ground that it was taken after the expiration of more than a year after the rendition of the judgment appealed from. This objection, it is contended, is fatal, as the appellant was of full age, and a resident of the state.

This court is of opinion, the appeal was well taken, and in time. It appears by the proceedings of the District Court, after rendering and signing the judgment now appealed from,

*[margin note:]* Where two judgments rendered in the same case, and the last is appealed from, and decided to be a nullity, the right of appeal on the first judgment is suspended until the decision takes place; and an appeal may be taken within a year from that period, although more than a year has elapsed since signing the judgment appealed from.

its execution was suspended, until the second judgment was set aside in the first appeal, as in case of an action of nullity.

On the merits, it appears the verdict of the jury is, that the sale of the defendants be cancelled, rescinded and set aside, and that R. R. Cuny, be re-imbursed, the sum of one thousand nine hundred and fifty-eight dollars, by him paid to N. Cox, and the costs of the suit, of said Cox, against him. The jury also find the slave Antoine, to be the property of the defendent, R. R. Cuny. On this verdict the court rendered judgment, cancelling and rescinding the sales, and that R. R. Cuny, recover from the plaintiff, as syndic for the creditors, the sum found by the jury to be due on account of the judgment debt of N. Cox. The latter part of this judgment is complained of. It is urged that the evident intention of the jury was, that R. R. Cuny, has the same right to the sum found, that the plaintiff has to the property, the sale of which is cancelled, and that he is not to receive the sum from the syndic as an ordinary creditor.

This court is of opinion that the objection ought to be sustained.

It is, therefore, ordered, adjudged and decreed, that the judgement of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the sale from S. C. Cuny to S. E. Cuny, and that from the latter to R. R. Cuny, complained of by the plaintiff, be cancelled and set aside, and that the plaintiff, recover from R. R. Cuny, all the property mentioned in the deed from S. E. Cuny to him, dated May 17th, 1826, filed in this cause, and marked D, together with all the increase of the slaves mentioned therein, on the plaintiffs paying to him the sum of nineteen hundred and fifty eight dollars, and the costs of the suits of N. Cox, against the said R. R. Cuny, in four months from the date of this judgment, and not otherwise ; and that the said R. R. Cuny, retain the negro Antoine as his property, and that he be quieted in his possession, and title to said slave; and it is further ordered, adjudged and decreed, that the plaintiff shall not have execution on this judgment, nor otherwise disturb the defendant, R. R. Cuny, in the possession of the

property, the sale whereof, is herein conditionally cancelled,
and rescinded, nor any part thereof, until he shall have paid to him the sums herein before stated; the costs of this present suit on the appeal, to be paid by the plaintiff and appellee, and the costs in the District Court by the defendants.