## Marder, Luse & Co. v. Campbell Printing Press and Mfg. Co.

1. APPEALS—*The Right Statutory.*—The right of appeal is purely statutory and the statute must be complied with or the right is gone.

Debt, on a foreign judgment. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Judgment on verdict for plaintiff. Debt $825.45, damage $157.30. Appeal by defendant. Heard in this court at the March term, 1898. Appeal dismissed. Opinion filed May 26, 1898.

M. BRYANT and M. BLANCHARD, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought an action in debt on a foreign judgment against appellant in the Superior Court, and after a trial before the court and a jury, a verdict was rendered against appellant for debt, $825.45; damages, $157.30; and motion for new trial was made by defendant.

Afterward, on February 27, 1897, being the last day of the February term, 1897, of the court, the motion for new trial coming on to be heard, defendant's counsel being absent for the reason that he did not know the hour when court convened (9:30 A. M.), was overruled and judgment entered on the verdict.

At 10 A. M. of said day, counsel for defendant came into court and entered a motion to vacate the order overruling the motion for new trial, and to vacate the judgment, which motion was continued to the next term of the court.

Afterward, on March 17, 1897, at the March term of the court, arguments were heard on both the motions, but the court refused to vacate the order overruling said motion for a new trial, and to vacate said judgment entered thereon, and ordered "that the motion of the defendant to set aside the judgment, and the order overruling the motion for a new trial heretofore entered herein of record be and the same is hereby overruled and denied." To this action of the court the defendant excepted and prayed "an appeal from the judgment of this court to the Appellate Court," etc. This evidently is an appeal from the judgment of the court entered February 27, 1897, at the February term, and not an appeal from the order of the court overruling the motion of defendant to set aside the judgment and the order overruling the motion for new trial. But if there were any doubt as to this, it is removed by the appeal bond filed April 15, 1897, which recites the recovery of the judgment on February 27, 1897, of the February term, 1897, and that from said judgment appellant prayed for and obtained an appeal to this court. There is, then, no appeal from the order of March 17, 1897, nor any appeal prayed during the February term of the Superior Court from its judgment of February 27, 1897. This state of the record leaves this court without jurisdiction to consider any of the assignments of error of appellant.

The statute (Ch. 110, Sec. 68) is imperative that "appeals shall be prayed for and allowed at the term at which the judgment, order or decree was rendered." The right of appeal is purely statutory, and the statute must be complied with or the right is gone. Nat'l Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Guyer v. Wilson, 139 Ill. 399; Greeve v. Goodson, 142 Ill. 355; Tedrick v. Wells, 152 Ill. 217, and cases cited.

There being no appeal from the order of March 17, 1897, and the attempted appeal from the judgment being a nullity, it follows that the appeal must be dismissed, which is done of the court's own motion. Wright v. People, 92 Ill. 596; Hart v. Burch, 31 Ill. App. 22.

Appeal dismissed.