(160 App. Div. 229)

## BEACH v. BEACH.

(Supreme Court, Appellate Division, Third Department.　January 21, 1914.)

1. **APPEAL AND ERROR (§ 346\*)—TIME FOR APPEAL.**

Under Code Civ. Proc. § 1351, requiring an appeal to be taken within 30 days after service upon the appellant of a copy of the order, appellant, after asking the court at the Special Term to reverse its own order cannot have such order reviewed after expiration of the time for appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1891, 1894; Dec. Dig. § 346.\*]

2. **APPEAL AND ERROR (§ 346\*)—EXPIRATION OF TIME—POWER OF APPELLATE DIVISION.**

The Appellate Division has no power to extend the time provided by Code Civ. Proc. § 1351, for appeal from an original order by a review of a motion to reopen and resettle such original order, nor is its power enlarged by Code Civ. Proc. § 1301, requiring notice of appeal from final judgment or order in special proceedings to specify the interlocutory judgment or intermediate order intended to be brought up for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1891, 1894; Dec. Dig. § 346.\*]

Appeal from Special Term, Greene County.

Action for divorce by Thomas B. Beach against Jennie B. Beach. From an order denying defendant's motion for an order directing the plaintiff to pay defendant's counsel fee and alimony and also from an order denying defendant's motion for an order reopening and resettling the first-mentioned order, defendant appeals.　Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rollin B. Sanford, of Albany, for appellant.

Osborn, Bloodgood & Wilbur, of Catskill (Frank H. Osborn, of Catskill, of counsel), for respondent.

WOODWARD, J.　The complaint in this action alleges the intermarriage of plaintiff and defendant on the 16th day of March, 1912, at Yonkers; that they are both residents of the state of New York; and that on the 16th day of September, 1912, "the defendant, disregarding her duties and obligations as the plaintiff's wife, wrongfully and without just cause or provocation abandoned the plaintiff, without his consent, and has ever since been willfully and continuously absent from the plaintiff without his consent, and without any sufficient cause or justification therefor, and, on information and belief, with intent on her part not to return to and live with the plaintiff as his wife." The defendant, by an answer verified by her attorney, denies "upon information and belief" the matters alleged in the second paragraph of the complaint, embracing all of the allegations other than the fact of the marriage.

The defendant made an application for alimony and counsel fees to enable her to defend this action, in her moving papers making allegations to the effect that she had contracted a venereal disease from the plaintiff, and conduct on his part making it unsafe and improper for her to cohabit with him. This application was denied; the order being

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entered upon the 17th day of February, 1913. No appeal was taken from this order; but, subsequently, and on the 25th day of February, the defendant's attorney served a notice of motion to reopen and resettle the order of February 8th, entered on the 17th, and on this motion coming on for hearing the court denied the motion, with costs, the order being entered on the 9th day of April, 1913. On the 15th day of April, almost two months after the entry of the original order, defendant gave notice of appeal to the Appellate Division "from an order made at the Albany Special Term on the 8th day of February, 1913, * * * and entered * * * February 17, 1913, denying the defendant's motion for an order directing the plaintiff to pay the defendant a counsel fee and alimony, and from each and every part of said order; and also from an order made at the Albany Special Term held on the 8th day of April, 1913, * * * entered * * * April 9, 1913, denying the defendant's motion for an order reopening and resettling said order of February 8, 1913, and directing the plaintiff to pay to the defendant a counsel fee herein, and from each and every part of said order. And the defendant hereby gives notice that she intends to bring up for review on said appeal both of said orders above referred to, and all papers and instruments relating to the same."

[1, 2] Section 1351 of the Code of Civil Procedure provides that "an appeal, authorized by this title, must be taken, within thirty days after service, upon the attorney for the appellant" of a copy of the order; but the defendant, after asking the court at Special Term to reverse its own order, is now seeking to review the original order long after the time to appeal has expired; and even in the case of the second order the motion was merely to reopen and to resettle the original order, and if this order could be reviewed it would operate to extend the time for appeal from the original order—a power not vested in this court. Guaranty Trust Co. v. P., R. & N. E. R. R. Co., 160 N. Y. 1, 7, 54 N. E. 575, and authorities there cited. Nor could this power be enlarged under the provisions of section 1301 of the Code of Civil Procedure, for that relates wholly to final judgments and final orders in special proceedings. Arkenburgh v. Arkenburgh, 14 App. Div. 367, 368, 43 N. Y. Supp. 892. In the matter now before us the same questions were involved upon the motion to reopen and resettle the original order that were involved in the first motion; there were merely some additional matters alleged, and the practice appears to be directed toward producing a result regardless of the established rules of procedure.

Upon the merits we are not persuaded that the court at Special Term did not act well within its discretionary powers. The affidavits in behalf of the plaintiff plainly tend to discredit the more or less improbable allegations of the defendant's affidavits, and this court would not be justified in interfering with the intelligently directed discretion of the Special Term.

The order appealed from should be affirmed, and, as there could be no appeal from the original order, that must remain as it has stood from the date of its entry. All concur.