## JOWELL v. LAMB et al.   (No. 8217.)

(Court of Civil Appeals of Texas. Dallas. Dec. 14, 1918. Rehearing Denied Jan. 18, 1919.)

1. APPEAL AND ERROR ☞346(1)—DECISIONS APPEALABLE—TIME.

Where a temporary injunction was granted on September 18th, and on October 30th a motion to dissolve was overruled, an appeal taken November 7th is too late, for under the statute an appeal from the granting of a temporary injunction must be taken within 15 days, and the action of the court on October 30th in no way modified or changed the original injunction; hence, appeal not having been taken in time, it must be dismissed.

2. APPEAL AND ERROR ☞100(2)—DECISIONS APPEALABLE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4644, no appeal is allowed from a judgment

denying a motion to dissolve a temporary injunction previously granted.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by A. B. Lamb and others against Bill Jowell. From a judgment overruling a motion to dissolve a temporary injunction granted in vacation, defendant appeals. Appeal dismissed.

J. Webb Stollenwerck, of Hillsboro, for appellant.

Collins, Morrow & Morrow, of Hillsboro, for appellees.

RAINEY, C. J. This appeal is from a judgment overruling a motion to dissolve a temporary injunction granted in vacation.

On the 18th day of September, 1918, Hon. Horton B. Porter, district judge of Hill county, in chambers, granted a temporary injunction against appellant, at the instance of appellees, restraining appellant from planting a certain tract of land or any part thereof in grain or other crops which will mature during the year 1919, etc., until further order of the court. The writ was issued and made returnable September 18, 1918, and returned the same day. Appellant filed a motion to dissolve and dismiss.

On October 30, 1918, in vacation the motion to dissolve the temporary injunction was heard, and same was overruled. At the same time, the parties having appeared, the court heard the pleadings, the evidence and argument of counsel, and rendered judgment for plaintiffs, overruling said motion to dissolve, and that said injunction continue in "force pending trial." Appellant excepted and gave notice of appeal.

On November 7, 1918, appellant filed his appeal bond, reciting:

"Whereas, in the above styled and numbered cause, pending in the district court of Hill county, Tex., the court in vacation, to wit, on the 30th day of October, A. D. 1918, granted an injunction in favor of plaintiff and against the defendants, restraining said defendant from sowing grain on the 140 acres of land described in plaintiffs' petition, and all costs, said injunction being a temporary injunction, to which action of the court the said Bill Jowell then and there excepted and gave notice of appeal," etc.

—and further proceeded in proper form.

[1, 2] The bond purports to be one for an appeal from the order granting the injunction as though made October 30, 1918, when the injunction was granted on the 18th day of September, and the appeal in this case was attempted to be perfected on November 7, which is more than a month after the granting of the injunction. The statute requires that an appeal from the granting of a temporary injunction must be taken within 15 days from the granting of such order. The order granting the injunction was made on September 18, 1918, and was still in force on October 30th, when appellant's motion to dissolve was acted upon and overruled by the court, and the court recited in its judgment that the injunction would "continue in force pending trial," which did not have the effect of beginning a new and original injunction from which an appeal would not at that time lie. The time for taking an appeal from the original granting of the injunction had long since expired. The action of the court on October 30th in no way modified or changed the injunction. Appellees attack this appeal for the want of jurisdiction in this court to entertain it. The appeal was not prosecuted in time, which leaves this court without jurisdiction; hence the appeal will have to be dismissed. The appeal cannot be sustained on any other ground, as the judgment was on a motion to dissolve, which motion was overruled, and no appeal is allowed from such a judgment. Vernon's Sayles' R. S., art. 4644; Powdrill v. Powdrill, 134 S. W. 272.

Having no jurisdiction to review and determine this case, the appeal is dismissed.