[No. 16158. *En Banc.* November 15, 1921.]

ADA M. ROGERS, *Respondent,* v. JOHN E. SAVAGE *et al., Appellants.*[1]

APPEAL (173-175)—REQUISITES—TIME FOR TAKING—SUSPENSION OF RIGHT TO APPEAL—VACATION OF JUDGMENT. The right of appeal of a party, suspended by reason of an erroneous order in his favor, is restored on the later annulment of the order, so that the limitation on his right to appeal from the original judgment does not start to run until the restoration of his right to appeal.

ACTION (23)—JOINDER OF CAUSES—SAME TRANSACTION. A complaint charging defendants with both assault and slander, in such a way as to show the slander was not pleaded for the purpose of showing the aggravated nature of the assault, is demurrable on the ground of misjoinder of causes of action.

Appeal from a judgment of the superior court for King county, John L. Corrigan, Judge *pro tempore,* entered November 7, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Piles & Halverstadt,* for appellants.
*Van C. Griffin,* for respondent.

MACKINTOSH, J.—This case was before this court on a prior appeal by the plaintiff from an order of the trial court vacating a judgment entered by the clerk on the verdict of the jury, and granting a new trial. *Rogers v. Savage,* 112 Wash. 246, 192 Pac. 13. It was there

[1]Reported in 201 Pac. 768.

held that the record failed to show any order or instruction by the court directing the clerk not to enter a judgment on the verdict; that the judgment was properly entered by the clerk on the verdict, in accordance with the mandate of the statute, Rem. Code, § 431 (P. C. § 8081), and the trial court, having regularly denied the motion for judgment *non obstante veredicto* and a motion for a new trial, could not thereafter reconsider the motion for a new trial, grant the same, and direct the judgment to be set aside. The order of this court was:

"Reversed and remanded to the trial court with direction to set aside the order granting the respondent's motion to set aside the judgment, and also to set aside the order of December 18, 1919, vacating and setting aside the order of November 7, 1919, denying the motion for a new trial.".

The trial court complied with the ruling of this court upon the going down of the remittitur and set aside both orders on September 25, 1920, and thereafter, on October 4, 1920, the defendants gave notice of appeal to this court from the original judgment, which was entered by the clerk on November 7, 1919.

The plaintiff, respondent here, moved. to dismiss the appeal because not taken within the statutory time from the rendition of the judgment appealed from. The defendants, appellants here, first contend that the prior decision of this case has been overruled by this court in *Buckley v. Harkens,* 114 Wash. 468, 195 Pac. 250, but in that case the record clearly shows, and this court found, that the trial court instructed the clerk to withhold the entry of the judgment on the verdict until its further order, hence the two cases are clearly distinguishable.

It is next contended that the judgment of the trial court setting aside the judgment entered by the court

having been annulled by this court on appeal, the statutory time for appeal from the first judgment begins to run only from the time the decision of this court becomes effective. The statute, Rem. Code, § 1718 (P. C. § 7292), provides:

"In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment."

And it would seem at first thought that this is conclusive, though to so construe the statute would work great hardship in such a case as this, because the appellants, who were the judgment debtors, would be, under the circumstances of this case, denied the right of appeal, which the statute clearly intends that they shall have. The judgment against them from which they now appeal was rendered on November 7, 1919. It was set aside by the court on December 6, 1919, hence within thirty days, or before the time for appeal had expired, there became nothing from which they could appeal, and the court having made an order granting their motion for a new trial, all reason for appeal upon their part ceased. The plaintiff, however, feeling aggrieved by the court's order of December 6, 1919, setting aside the judgment, exercised her right to take an appeal from that order, which appeal was successful, resulting in a holding that the order of December 6, 1919, was in excess of the trial court's jurisdiction and therefore void, and a reinstatement of the judgment of November 7, 1919. This decision was filed on August 18, 1920, and the remittitur putting it into effect reached the trial court on September 25, 1920, when for the first time appellants were apprised of the fact that there was something from which they could appeal. The right of, or reason for, an appeal being suspended by the setting aside of the judgment,

the time for appeal should likewise be held to be suspended during the same period. Authorities are not numerous upon this subject, and the industry of counsel has brought to our attention only the following:

"Where the right of appeal is suspended, an appeal is in time if taken within the statutory period after the right is restored. Therefore, where a judgment of the lower court, substituted by it in place of one previously rendered, has been annulled on appeal, there is the statutory period from the time of this decision of the appellate court in which to appeal from the first judgment." 2 R. C. L. 105, § 80.

This text seems to be based upon only the case of *Flint v. Cuny,* 7 La. 379, 26 Am. Dec. 505, which squarely so holds. In the absence of any contrary authority, and in the interests of justice, we feel justified in adopting the rule as quoted, and the motion to dismiss is therefore denied.

The errors assigned upon the merits bring up only the following: Plaintiff, by her first or original complaint, alleged as one cause of action:

"That on or about December 29, 1918, the defendants, without just cause or provocation, and acting together and jointly, assaulted and attacked plaintiff, pulled her hair, struck her many angry and violent blows upon the head and in her face, and upon her arms, and wrenched and twisted her arms in a most cruel manner, causing her most excruciating pain, humiliation and mental anguish.

"(3) That on or about the 29th day of December, 1918, at the Hotel New Cecil, in Seattle, King county, Washington, said defendants, and each of them, in the presence of plaintiff and other people, maliciously spoke of and concerning the plaintiff herein defamatory words and language, which injured and impaired the reputation of plaintiff for virtue and chastity, and which exposed her, or tended to expose her, to con-

tempt and ridicule, the said plaintiff then and there being a female person over the age of twelve years.''

The defendants moved against this complaint, asking that it be made more definite and certain by separately and distinctly setting forth the different causes of action therein alleged, or, in the alternative, requiring the words alleged to have been maliciously spoken to be set out. This motion being granted, the plaintiff filed an amended complaint, in which she alleged the assault as one cause of action, and the slander as a second cause of action, asking for judgment for $2,000 on the first cause of action, and for $8,000 on the second cause of action. To this complaint the defendants demurred on the ground of misjoinder of causes of action, which demurrer was sustained. The plaintiff then filed a second amended complaint, the charging part of which is as follows:

"That on or about December 29, 1918, at the New Cecil Hotel, in Seattle, Washington, defendants, without just cause or provocation, and acting together and jointly, assaulted and attacked plaintiff, pulled her hair, struck her many angry and violent blows upon her head and in her face, and upon her arms, and wrenched and twisted her arms in a most cruel manner, causing her most excruciating pain, humiliation and mental anguish at said time and place; and while so assaulting said plaintiff, said defendants, and each of them, in the presence of plaintiff and other people, falsely and maliciously spoke of and concerning the plaintiff herein defamatory words and language, which injured and impaired the reputation of plaintiff for virtue and chastity, and which exposed her, or tended to expose her, to contempt and ridicule, said plaintiff then and there being a female person, over the age of twelve years. Defendants and each of them, said to plaintiff: 'You are a bum'; 'You are a whore' and used other language too vile and vulgar to be set forth herein. All of which language accused plaintiff

of being a prostitute, and said language was used in the presence of many people, the exact number of whom are to plaintiff unknown.''

Defendants moved for an order striking this complaint, first upon the ground that it contained more than one cause of action not separately stated; and second, that it was a reiteration of the original complaint, which, on their motion, the court had ordered stricken. This motion was denied, as was also defendants' demurrer upon the ground that several causes of action were improperly joined therein. The cause went to trial upon this second amended complaint, and after the jury was empaneled, the defendants moved the court to require the plaintiff to separately state and number her causes of action and to elect upon which cause of action the case would go to trial, which motions were denied. Defendants excepted to the ruling. Trial was had, resulting in a verdict for plaintiff for $5,000, which, upon motion for a new trial, the court required to be reduced to $3,000, from which judgment this appeal is prosecuted.

Appellants' contention is that the complaint states a cause of action for assault and a cause of action for slander, not separately stated and numbered as the statute requires, and that respondent was permitted to try her case as though prosecuting a cause of action for assault and another for slander. Appellants rely chiefly upon the case of *Konick v. Champneys*, 108 Wash. 35, 183 Pac. 75, in which it is said:

"The complaint, therefore, states two causes of action, and the question arises, are they improperly united. The appellant argues that they are not, and calls to his assistance that section of the code which permits two or more causes of action to be united in one complaint when they arise out of the same transaction. Rem. Code, § 296. But we cannot think the statute aids the appellant.''

After quoting from Pomeroy's Remedies and Remedial Rights, and from *Anderson v. Hill,* 53 Barb. (N. Y.) 238, the court proceeds:

"Within the principles here announced, the complaint plainly improperly unites two causes of action; and since the code, as we have shown, makes the improper uniting of two or more causes of action a distinct ground for demurrer, the demurrer was properly sustained."

This case is undoubtedly good authority for the ruling of the trial court upon the first or original complaint, because the pleader there did not in any way connect the assault and beating with the use of the defamatory language referred to. It is also good authority for the sustaining of the demurrer to the first amended complaint, because there it was plainly attempted to plead a cause of action for assault and another cause of action for slander, which may not be joined in the same action. See cases cited in *Konick v. Champneys, supra.* And the second amended complaint, the charging part of which we have hereinbefore quoted, in our judgment, does plead two causes of action, one for assault and one for slander, and in the very language of the statute on slander, and in such a way as to show that it was not pleaded for the purpose of showing the aggravated nature of the assault, which might properly be done. *De Leon v. Doyhof Fish Products Co.,* 104 Wash. 337, 176 Pac. 355. The language contained in the second amended complaint is unnecessary and even improper in a complaint for assault, and the defendants, at every opportunity, attempted to preserve their rights as against such pleading, and the court erred in overruling the demurrer.

The court gave certain instructions applicable to a cause of action for slander, to which the defendants took no exception and have assigned no errors thereon.

Although the court denied their motion and overruled their demurrer directed to the second amended complaint, upon the theory that it stated but one cause of action, that for assault, these instructions allowed the jury to return a verdict for damages for slander, such instructions being but further proof of error made in allowing the case to go to trial on the second amended complaint.

The judgment appealed from is reversed, with order to sustain the defendants' demurrer.

PARKER, C. J., BRIDGES, MAIN, and HOVEY, JJ., concur.
FULLERTON and TOLMAN, JJ., concur in the result.

HOLCOMB, J. (concurring)—I have grave doubts as to the correctness and wholesomeness of the decision on the motion to dismiss appeal. I concur as to the remainder of the opinion.