(No. 15232.—Decree affirmed.)
LAURA SIMMONS, Appellant, *vs.* CÆSAR H. HEFTER, Appellee.

*Opinion filed April 18, 1923—Rehearing denied June 7, 1923.*

1. JUDGMENTS AND DECREES—*void decree cannot be relied upon in any court.* A decree which is void confers no right and constitutes no defense and may be attacked or disputed collaterally at any time and in any court, whenever a right is claimed under it.

2. JURISDICTION—*one court of equity has no revisory authority over decrees of another.* One court of equity has no authority to exercise a revisory jurisdiction over the decrees of another by correcting error or setting aside or reversing a decree, but a bill in equity to impeach a decree for error apparent on the face of the record or for fraud in its procurement may be filed in the same court in which the decree was rendered.

3. SAME—*circuit court of Cook county has no jurisdiction over proceedings of the superior court.* The circuit and superior courts of Cook county have concurrent original jurisdiction but neither court has any jurisdiction over the proceedings or records of the other, and the circuit court acquires no jurisdiction by the filing of a bill to set aside a decree of the superior court on the ground that it was obtained by fraud or because of error on the face of the record.

4. SAME—*circuit court, not having jurisdiction of subject matter, should dismiss bill.* As the circuit court of Cook county has no jurisdiction of the subject matter of a bill filed to set aside a decree of the superior court for fraud or error upon the face of the record it has no authority to determine questions raised by demurrer to the bill, but, being without jurisdiction, its decree sustaining the demurrer and dismissing the bill will be affirmed.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

OTTO F. RING, and WALT A. HANSEN, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By her second amended bill filed in the circuit court of Cook county, the appellant, Laura Simmons, sought to impeach and set aside a decree entered in the superior court of Cook county foreclosing a trust deed, together with a certificate of sale and a deed executed by the master in chancery in pursuance of the decree, to the appellee, Cæsar H. Hefter. The grounds upon which the court was asked to review and set aside the decree were alleged errors appearing on the face of the record and fraud in the making of an affidavit for publication of notice to the owner of the property, who was maker of the trust deed foreclosed. A general demurrer to the bill was filed and sustained, and the appellant electing to stand by the bill it was dismissed at her costs, and she appealed.

A decree which is void confers no right and constitutes no defense and may be attacked or disputed collaterally at any time and in any court whenever a right is claimed under it. If error is alleged in a decree no court of co-ordinate jurisdiction can exercise any revisory authority over it and appellate jurisdiction must be invoked by appeal or writ of error. A bill in equity to impeach a decree for error apparent on the face of the record or fraud in its procurement may be filed in the same court. (*Moore* v. *Bracken,* 27 Ill. 23.) One court of equity has no authority to exercise a revisory jurisdiction over the decrees of another court of equity by correcting error or setting aside or reversing a decree. Circuit and superior courts of Cook county have concurrent original jurisdiction, but neither court has any jurisdiction over the proceedings or records of the other. The circuit court acquired no jurisdiction by filing the bill. (*Mathias* v. *Mathias,* 202 Ill. 125; 21 Corpus Juris, 726; 10 R. C. L. 568.) The general demurrer admitted the facts alleged in the bill upon which the charge of fraud

was based and submitted for decision questions whether they constituted fraud and whether there was error apparent on the face of the record. The court not having acquired jurisdiction of the subject matter by the filing of the bill had no authority to determine either question, but being without jurisdiction it was not error to dismiss the bill. For that reason the decree is affirmed.

*Decree affirmed.*