## BURCH v. SMITH

(No. 1185, October 16, 1923; 218 Pac. 791.)

APPEAL AND ERROR—PERIOD FOR COMMENCING PROCEEDINGS IN ERROR
—BILL OF EXCEPTIONS—DISMISSAL.

1. Proceedings in error not commenced within one year after the rendition of the judgment or final order complained of, will be dismissed.
2. Exceptions to a judgment on the ground that it is unsupported by pleadings are reviewable without the filing and overruling of motion for new trial and a bill of exceptions. The limitation period for commencement of proceedings in error in such case is computed from the actual date of the rendition of the judgment.

ERROR to the District Court, Fremont County; HON. C. O. BROWN, Judge.

HEARD ON MOTION TO DISMISS.  NO BRIEFS FILED BY EITHER PARTY

*M. C. Burk,* for plaintiff in error.

*O. N. Gibson,* for defendant in error.

POTTER, Chief Justice.

This cause is in this court on error, the petition in error having been filed and summons in error issued on July 20, 1923, and the cause is under advisement without argument or brief upon the motion of defendant in error to dismiss for the reason that the proceeding in error was not commenced within one year after the rendition of the judgment or final order complained of as required by Section 6384, Comp. Stat. 1920. The petition in error complains of a judgment shown by the record to have been rendered upon the verdict of a jury on June 14, 1922. There appears among the original papers a motion in arrest of judgment on the ground that there was no sufficient pleading of the plaintiff to support a judgment upon the verdict or any judgment in plaintiff's favor, and that motion was denied on June 22, 1922, more than one year before the proceeding

in error was commenced, even if the statutory period might be held to run from such date. But there is no bill of exceptions, which would be necessary to preserve the exception to the ruling on said motion, and the point is one which could have been considered without the filing and overruling of a motion for a new trial. Therefore the limitation period is to be computed from the actual date of the rendition of the judgment, and as it had expired before the proceeding in error was commenced the motion to dismiss must be sustained. An order of dismissal will be entered accordingly.

*Dismissed.*

BLUME and KIMBALL, JJ., concur.

NOTE—Headnotes, (1) see Appeal and Error, 3 C. J. Sec. 1074; (2), see Appeal and Error, 3 C. J. Sec. 870, 1055 and 4 C. J. Sec. 1786.