# J. S. Bache & Co. *v.* R. H. Locke, Appellant

*Affidavit of defense—Rule for judgment—Rule made absolute—Petition to open judgment—Refusal—Appeals from—Time for taking appeal.*

Where a judgment has been entered for want of a sufficient affidavit of defense, the defendant cannot, by making a number of motions to open the judgment, prolong the period during which he could be permitted to appeal from the entry of the judgment against him. The entry of the judgment was a final order, and the defendant cannot prolong the time within which he must appeal, by motions to set aside.

A petition to open a judgment is addressed to the sound discretion of the Court, and a decree dischargng the rule will not be reversed in the absence of proof of abuse of such discretion.

Argued October 15, 1925. Appeal No. 158 October T., 1925, by defendant from judgment of C. P. No. 2, Philadelphia County, September T., 1923, No. 2924, in the case of J. S. Bache, Edward Wise, Nathan Kann, Frank J. Murphy, Morton F. Stern, Fred L. Richards, Leopold S. Bache, Arthur F. Broderick and Joseph P. Giffin, copartners, trading as J. S. Bache & Co. v. R. H. Locke. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for amount due on purchase price of railroad bonds. Before GORDON, J.

The opinion of the Superior Court states the case.

Rule to open judgment. The Court discharged the rule. Defendant appealed.

*Error assigned*, among others, was the decree of the Court.

*R. H. Locke*, for appellant.

*Walter B. Gibbons*, and with him *Wm. H. Whitaker*, for appellees.

PER CURIAM, October 26, 1925:

Judgment for want of a sufficient affidavit of defense was entered against this defendant on December 18, 1923. The defendant subsequently made a number of motions to open the judgment, which in regular order were refused by the court below. He contends that by making these motions, he could prolong the period during which he could be permitted to appeal from the entry of the judgment against him, in default of a sufficient affidavit of defense. This he cannot do; the entry of the judgment was a final order and the defendant could not prolong the time within which he must appeal by motions to set it aside. The court did finally, on the petition of the defendant, on September 18, 1924, grant a rule on the plaintiffs to show cause why the judgment should not be opened. The plaintiffs filed an answer to this petition denying the material averments thereof, no depositions were taken, and the court, on October 10, 1924, discharged the rule. We would not be warranted, upon the record presented, in holding that the court in discharging the rule to open the judgment, was guilty of an abuse of discretion.

The order is affirmed and the appeal dismissed.