NEIGHBORS ET AL. v. THE THISTLE DOWN CO. ET AL.

*Error proceedings—Appointment of receiver a final order—Refusal to remove receiver not a final order—Error proceeding not prosecuted within seventy days.*

1. Order appointing receiver for corporation was final order to which petition in error may be prosecuted.
2. Order overruling motion to remove receiver is not an order affecting substantial rights of parties to which error may be prosecuted.
3. Where receiver was appointed and court subsequently overruled motion to remove receiver, petition in error filed more than seventy days after order appointing receiver was entered by common pleas court, though within seventy days of order overruling motion to remove, was not filed in time.

(Decided December 6, 1926.)

ERROR: Court of Appeals for Cuyahoga county. ON MOTION to quash.

*Messrs. Boyd, Cannon, Brooks & Wickham,* for plaintiffs in error.
*Mr. Geo. W. Spooner,* for defendants in error.

VICKERY, J. The question before the court arises upon a motion to quash the service of summons and to dismiss the petition in error filed in this court.

In the court of common pleas an action was brought by John H. McMillan for the appointment of a receiver for the Thistle Down Company, a corporation. On July 30, 1926, Mr. Gardner Abbott was appointed receiver, and duly qualified as such. Subsequent to that time, a man by the name of

Neighbors, who claimed to be a stockholder in the Thistle Down Company, had himself made a party defendant, and in due time filed a motion to remove the receiver. This motion was supported by evidence and was heard by the court. On the 29th day of September, 1926, the motion to remove the receiver was overruled, to which exception was taken. On October 21, 1926, a petition in error was filed in this court.

The motion to dismiss petition in error, filed in this court, attacks the time within which the petition in error was filed, alleging that it was not filed within 70 days after the order complained of was entered by the common pleas court.

Counsel are at variance as to which order was the basis of filing the petition in error. The mover, who is counsel for McMillan, asserts that the order was made on the 30th day of July, and that was 84 days prior to the filing of the petition in error, and hence the petition in error ought to be dismissed because it was not filed within the statutory time, whereas the opposer of the motion asserts that the order of which he complains was the order overruling the motion to remove the receiver, which was not issued until the 29th day of September, and, of course, if it is from that order that error is prosecuted, the petition in error was filed within time.

Some very able briefs have been filed in this case and raise a question which, so far as we have been able to determine, has not been definitely decided in Ohio.

The case of *Forest City Investment Co.* v. *Haas*, 110 Ohio St., 188, 143 N. E., 549, is the definite authority in Ohio that holds that the appointment

of a receiver is a final order affecting a substantial right of the parties, and that error may be prosecuted to the appointment of a receiver. In that case the court affirmed the judgment of this court in holding that such an order was not appealable, but they did decide that it was a final order and that error could be prosecuted from it, and they reiterated and affirmed the doctrine laid down in *Cincinnati, Sandusky & Cleveland Rd. Co.* v. *Sloan,* 31 Ohio St., 1, which held in substance that the order appointing or *removing* a receiver is a final order, and that error might be prosecuted from such ruling. This case has been followed in many jurisdictions.

From these authorities it must be apparent that the order appointing Gardner Abbott receiver was a final order, to the entering of which error might have been prosecuted. If the petition in error was not filed until the 21st of October, it was not filed within the statutory time, and the motion should be granted and the petition in error dismissed. But it is claimed by the attorney for the other side, for Neighbors, that the final order that he complains of was the refusal of the court to discharge the receiver, which occurred on the 29th day of September, within 30 days from the time of the filing of the petition in error, and so the question is, Is the refusal of a court to remove a receiver an order affecting the substantial rights of the parties, to which error may be prosecuted?

No cases have been cited to us where this precise question has been decided. The case in 31 Ohio State and subsequent cases decide that the appointment or removal of a receiver is a final order, and we concede that each affects the substantial rights

of the parties. In the one instance the appointment of the receiver affects the rights of the parties, and in the other the removal of the receiver likewise affects the substantial rights of the parties, but does it necessarily follow that where a motion is addressed to the court, and he refuses to act and leaves the matter *in statu quo,* such refusal to remove is equivalent to either the appointment or the removal of a receiver so far as the making of it a final order is concerned? We think not. Maybe if the court had never done anything, the *status quo* would remain. The rights of the parties were not affected in any way other than they were before the motion was made. The receiver had been appointed. Supposedly he was in control of the property of the corporation. He remained in control during the entire period in which this motion was pending, and because the court refused to interfere he still remained in control, and in whatever way the rights of the parties were affected they were affected because of the order of July 30 appointing a receiver. Had the court removed this receiver, then the *status quo* would have been changed. The property would have reverted back to the proper authorities of the corporation, and a substantial right would have been affected, but inasmuch as the court simply declined to interfere we do not think that such refusal to act was a final order, within the meaning of our statutes.

Two cases have been cited by way of illustration in the brief of counsel opposing this motion. One is *Seville* v. *Wagner,* 46 Ohio St., 52, 18 N. E., 430, and the other is *Benoski* v. *Adams Co.,* 18 C. C., 478, 28 C. D., 625. Upon an examination of these two cases, it will be observed that the motion in

these cases was to discharge an attachment, and was based upon Section 6524, Revised Statutes, which reads:

"Any party to a suit affected by an order discharging, or refusing to discharge an order of attachment, shall be entitled to file a petition in error in the court of common pleas to reverse, vacate, or modify the same, and when necessary, a bill of exceptions may be taken and signed for this purpose."

This, of course, makes it of no authority whatever in the instant case, because there is no statute, nor has there been any holding whereby the courts have held that refusing to remove a receiver was a final order from which error might be prosecuted.

In view of the statute above referred to relating to the discharge or refusing to discharge attachments, it makes no difference whether the order was a final order or not, because the statute expressly authorizes a proceeding in error in either event.

So we have been shown no authority where the courts of Ohio or elsewhere have held that the refusal to remove a receiver, where one had prior to that time been appointed, was such a final order that error might be prosecuted from it. This is important, because if you eliminate from the consideration of this case the order of September 29th, if it were an order, refusing to remove the receiver, then the only order on which any rights could be based would be the order of July 30th, in which Gardner Abbott was appointed receiver, and, error proceedings not having been commenced within the time allowed by law, there was no warranty for filing a petition in error, and the petition should be dismissed.

We have therefore come to the conclusion that this motion to quash the service of summons and to dismiss the petition in error is well taken and should be granted. The petition in error is therefore dismissed.

*Motion allowed. Petition in error dismissed.*

LEVINE, P. J., and SULLIVAN, J., concur.