(No. 5682.   May 4, 1931.)

MOUNTAIN STATES IMPLEMENT COMPANY, a Corporation, Respondent, v. N. E. ARAVE et al., Defendants, and WILLIAM ARAVE, Appellant.

[2 Pac. (2d) 314.]

Crowley & Crowley, for Appellant.

Otto E. McCutcheon, for Respondent.

GIVENS, J.—December 20, 1929, the clerk of the trial court entered on a jury's verdict a judgment in favor of

respondent. March 12, 1930, the court denied motions filed by defendants Arave to vacate and set aside the verdict and judgment, but on his own motion, March 12, 1930, the same day, entered an order vacating the judgment, which order on appeal (*Mountain States Implement Co. v. Arave,* 49 Ida. 710, 291 Pac. 1074), was held unauthorized. There was heretofore no appeal from the original judgment. October 21, 1930, the trial court, *remittitur* in the above appeal having been filed October 16, 1930, vacated its former order and ordered the judgment of December 20, 1929, reinstated; an unnecessary and ineffective provision, since the judgment had never been dethroned. October 21, 1930, the appeal herein was taken from the judgment, which appeal respondent moves to dismiss as filed too late.

We have carefully examined the more recent authorities passing upon this point, and the following cases held that proceedings, ineffective as to the previous judgment, toll the statute during the time they are in operation, or being considered by the trial court: *Rogers v. Savage,* 117. Wash. 521, 201 Pac. 768; *In re German Ditch Co.,* 56 Colo. 252, 139 Pac. 2; *Kamoss v. Kansas City R. Co.,* (Mo. App.) 202 S. W. 434; *Scott v. Rees,* 300 Mo. 123, 253 S. W. 998; *St. Clair v. Conlon,* 12 App. D. C. 161; *Southern Pac. Co. v. Sartoris,* 27 Fed. (2d) 852.

The following authorities hold that such proceedings do not toll the statute: *Miller v. Prout,* 32 Ida. 728, 187. Pac. 948; *Walton v. Clark,* 40 Ida. 86, 231 Pac. 713; *Boam v. Sewell,* 41 Ida. 718, 241 Pac. 1020; *Pedigo v. Fuller,* 37. Wash. 529, 79 Pac. 1129; *Hahn v. Astoria Nat. Bank,* 63 Or. 1, 114 Pac. 1134, 125 Pac. 284; *Spotton v. Superior Court,* 177 Cal. 719, 171 Pac. 801; *In re Big Bend Drainage Irr. Dist.,* 29 Wyo. 50, 208 Pac. 872; *First Nat. Bank v. Chowning,* 95 Okl. 137, 218 Pac. 676; *Burch v. Smith,* 30 Wyo. 237, 218 Pac. 791; *Scott v. Woodhams,* 79 Colo. 528, 246 Pac. 1027; *Western Land & Irr. Co. v. Humfeld,* 118 Or. 416, 247. Pac. 143; *Kline v. Murray,* 79 Mont. 530, 257 Pac. 465; *Alvarado v. Stanton,* 204 Cal. 172, 267 Pac. 313; *Oxford Tel. Co. v. Arkansas Nat. Bank,* 134 Ark. 386, 204

S. W. 1140; *Jowell v. Lamb,* (Tex. Civ. App.) 207 S. W. 987; *Pearce v. People's Sav. Bank,* 152 Ark. 581, 238 S. W. 1063; *Central Liberty Trust Co. v. Roy,* 212 Mo. App. 680, 245 S. W. 1085; *Dent v. Farmers' & Merchants' Bank,* 162 Ark. 325, 258 S. W. 322; *Beach v. Beach,* 160 App. Div. 229, 145 N. Y. Supp. 409; *Hild v. McClintic-Marshall Co.,* 216 App. Div. 770, 215 N. Y. Supp. 88; *Stamfer v. Peter Hand . Brewing Co.,* 67. Ind. App. 485, 118 N. E. 138; *Wyant v. Russell,* 109 Ohio St. 167, 142 N. E. 144; *Neighbors v. Thistle Down Co.,* 26 Ohio App. 324, 159 N. E. 111; *In re Slimmer's Estate,* 146 Minn. 429, 178 N. W. 954; *In re Rocky Run Drainage Dist.,* 184 Wis. 557, 200 N. W. 384; *Levine v. Roth,* 276 Pa. 244, 120 Atl. 115; *United States v. Fidelity & Dep. Co.,* 155 Fed. 117; *Collins Pav. Co. v. Holseapple,* 221 Ala. 308, 128 So. 599; *J. S. Bache & Co. v. Locke,* 86 Pa. Super. Ct. 501; *Meadville Tel. Co. v. Shafer,* 94 Pa. Super. Ct. 246; *Buckley v. Sutton,* 38 Mich. 1; *Quinn Chapel A. M. E. Church v. Pease,* 66 Ill. App. 552; *Marder, Luse & Co. v. Campbell Printing Co.,* 76 Ill. App. 431.

It must be kept in mind that the order vacating the judgment was void. In the case at bar, the court had no jurisdiction to issue the order setting aside the previous judgment. A void order is of no effect whatever. (*Williams v. Sherman,* 36 Ida. 494, at 503, 212 Pac. 971; *Johnson v. Carroll,* 190 Ky. 689, 228 S. W. 412; *White v. Hidalgo County Water Imp. Dist.,* (Tex. Civ. App.) 6 S. W. (2d) 790; *Simmons v. Hefter,* 308 Ill. 292, 139 N. E. 404; *People v. Miller,* 339 Ill. 573, 171 N. E. 672; *In re Wooley's Estate,* 96. Vt. 60, 117 Atl. 370; *Hunt v. Kennedy Coal Corp.,* 140. Va. 17, 124 S. E. 189; *United States ex rel. Rauch v. Davis,* 56 App. D. C. 46, 8 Fed. (2d) 907.)

It is urged that a distinction is to be made in favor of appellant herein, by reason of the fact that the court entered the order of its own motion, not on appellant's motion. It is doubtful if much effect may be given such contention in the action herein, in view of the record, which shows that while the court entered this order on his own

motion, it was on the very day he denied appellant's motion seeking the same thing. The authorities above cited, *pro* and *con,* do not appear, however, to take as the foundation for their ruling, action based on appellant's motion, rather than on the court's own initiative, reasoning that because the order, however prompted, is void, stands undisturbed, and the appeal therefrom, not in time, confers no jurisdiction on the appellate court, which, as to the last, was the express pronouncement in *Miller v. Prout, supra,* at page 731: "This appeal not having been perfected within ninety days from the entry of the original judgment, conferred no jurisdiction. upon this court,"—and in the same opinion, the court held that an appeal would lie from the judgment which it was sought to vacate, while an appeal was pending from an order vacating such judgment, the court saying: "The proceeding under this statute is an independent proceeding and exists concurrently with the right of appeal from the judgment. Any order made pursuant to such a proceeding does not operate to extend the time for appeal from the judgment. The proper course is to appeal from the judgment if it is desired to have the judgment reviewed and to apply to the trial court for relief under this section, notwithstanding such appeal."

The order in the instant case was none the less void because made on the court's own motion.

It appears, therefore, by numerical weight and better reasoning, the authorities hold that a void order does not operate as a stay, or toll the statutory time for appeal.

"The code provisions limiting the time in which to appeal are mandatory, and the time limited cannot be extended by the court, or by any circumstances, except by the pendency of proceedings on motion for a new trial." (2 Cal. Jur., sec. 171, p. 404.)

The exception is provided for by special statute passed in 1915, and the doctrine is laid down in *Leake v. City of Venice,* 43 Cal. App. 568, 185 Pac. 424. We do not have such a statute.

Where the order vacating the judgment is a nullity, the statute begins to run from the rendition or entry of the judgment vacated. (3 C. J., sec. 1052, p. 1055.)

Appeal dismissed; costs to respondent.

Lee, C. J., and Varian, J., concur.

Petition for rehearing denied.

McNAUGHTON, J., Dissenting.—I am unable to concur with the majority opinion. As I understand the record the judgment was entered December 20, 1929. On February 6th the defendant moved to set aside the judgment. On March 12th this motion, treated as a motion for new trial, was denied. Thereupon the court took a hand and of its own motion set aside the judgment and ordered a new trial. April 10th the plaintiff appealed from the order setting aside the judgment and granting a new trial. This order was reversed on appeal, and on October 21, 1930, on the *remittitur*, the original judgment was reinstated. Defendant on that day filed notice of appeal from the original judgment. We are confronted with a motion to dismiss the appeal from the judgment as filed too late.

The majority opinion, it seems to me, does not give sufficient consideration to the fact that the order setting aside the judgment was on the court's own motion. That is to say, I fear the court treats this order as an order entered in a proceeding against the judgment. I say this because all of the long list of cases cited deal with orders entered in proceedings against the judgment. As stated in the opinion: " . . . . the following cases hold that *proceedings,* ineffective as to the previous judgment, toll the statute during the time they are in operation, or being considered by the trial court: . . . . The following authorities hold that such *proceedings* do not toll the statute": Here a long line of authorities are cited, headed by two opinions by this court, which announce or follow the doctrine that one may not extend the time in which to appeal by proceed-

ings such as moving for a new trial, or moving against the judgment.

I do not think we should treat an order entered on the court's own motion as "a proceeding" against the judgment.

I feel that C. S., sec. 7152, allowing ninety days in which to appeal, is for the benefit of the party feeling aggrieved by the judgment, and intends he shall have full ninety days in which to appeal the case, or at least in which to pursue that or some other remedy. In this case the judgment stood eighty-three days subject to appeal. Then it was vacated, not in a proceeding against it, but on the court's own motion, and a new trial was granted. After the error made by the trial court of its own motion was cleared from the record and the judgment was reinstated, in my opinion there remained seven days in which to appeal.

A great many courts hold that proceedings in good faith against the judgment may extend the time in which to appeal. Many, I think a majority, and among them Idaho, hold such proceedings do not extend the time. I do not care to discuss the merits of either rule. Granting that one may not extend the time in which to appeal by motion for a new trial or motion against the judgment or for modification of the judgment, still this case is not within that rule.

In the cases cited, in support of the rule under which they are cited, and in support of the decision in this case, the losing party instead of appealing chose a different course. If he did not have his full statutory time in which to appeal it was always because the time passed while the appellant was erroneously pursuing some other remedy. The worst any of the courts have done has been to deny the party additional time because his attorney consumed the time for appeal in pursuit of the wrong remedy.

In this case we are confronted with this situation, which is out of the ordinary: The trial court having denied a motion to vacate the judgment and grant a new trial, nevertheless on his own motion entered a void order to that

very effect. Had the trial court, though he thought the judgment erroneous, stopped where the proceedings before him ended, the defendant would have had yet seven days to appeal and correct error in the judgment, if any. This error of the court interfering with the appeal can hardly be fairly charged to the litigant. It seems to me he should not be deprived of the remaining time to appeal by reason of it.

Some stress is placed in the majority opinion on the fact that this order vacating the judgment was void. I cannot think that materially alters the situation. I have found no case where lawyers were so astute in the practice as to appeal from a judgment which had been vacated and set aside by a void order, nor have I found a court or text-writer willing to vouchsafe such an extraordinary proceeding. Theoretically, of course, a void order or judgment has no force, but practically, until supplanted, it has as much force as a valid 'one. The fellow in jail on a void judgment theoretically is a free man, but in reality he is in jail and must stay there until a better judgment is entered carrying out the theory. In *Rogers v. Savage*, 117 Wash. 521, 201 Pac. 768, the Washington court held an order setting aside a judgment and granting a new trial, which was void because beyond the power of the court, suspended the right of or reason for an appeal from the judgment, and therefore suspended the time within which the appeal must be taken under Rem. Code 1915, sec. 1718.

In the absence of any authority to the contrary, I very much doubt if the appellant in this case had a right to appeal from the vacated judgment. Certainly there was no apparent reason to do so. Until something further occurred in the proceedings he was hardly an aggrieved party.

Where an attorney erroneously pursues the wrong remedy during the ninety days allowed him for appeal, rights of the other party to a speedy determination of the litigation may require a holding that such proceedings are taken by the attorney at the client's peril. To thus hold the client responsible for the errors of his attorney seems to me quite

all even-handed justice requires. To charge him also with the errors of the court appears to me as extending the doctrine beyond any foundation.

BUDGE, J., Dissenting.—I concur in the views expressed in the dissenting opinion of Justice McNaughton. However, it seems to me that for the administration of even-handed justice the rule should be even more broadly stated than therein announced.

The question here for determination was decided by the supreme court of Washington, in *Rogers v. Savage,* 117 Wash. 521, 201 Pac. 769, under a statute similar to C. S., sec. 7152, it being held (paragraph 1, syllabus):

"An order setting aside a judgment and granting a new trial, which was void because beyond the power of the court, suspended the right of or reason for an appeal from the judgment, and therefore suspended the time within which the appeal must be taken under Rem. Code 1915, § 1718, so that the party against whom the judgment was rendered could appeal therefrom within the statutory time after reversal of the void order."

In the instant case the judgment was set aside by the trial court of its own motion, when there yet remained seven days in which to appeal from the judgment. From the order vacating the judgment an appeal was taken to this court. Upon due consideration this court held that the order of the trial court setting aside the judgment was void and directed the reinstatement of the judgment. The majority opinion holds that the statutory time for appeal began to run from the date of entry of the original judgment, and refuses to toll it from the time the judgment was set aside until reinstated.

When the original judgment was set aside, as is said in the Washington case, *supra,* "there became nothing from which they could appeal, and, the court having made an order granting their motion for a new trial, all reason for appeal upon their part ceased."

Where the judgment is set aside on motion of one of the parties seeking relief therefrom, the rule announced in

the Washington case should be followed, since the right of or reason for appeal is then suspended, and the time for appeal should likewise be suspended until a superior court, when an appeal is taken, either reverses or affirms the order of the trial court.

In the majority opinion it is said in effect that, where upon an appeal from an order vacating a judgment the entry of such order is held to be without authority and the original judgment is reinstated, the order of reinstatement is but an idle act and ineffective for any purpose, since the original judgment erroneously set aside had never been dethroned. If not dethroned, it was certainly suspended and remained in abeyance until reinstated. In such circumstances no execution could issue, and it was as if no judgment had existed.

As I read the Idaho cases cited in the majority opinion, I do not think this precise question has been passed upon, and the cases are easily distinguishable from the present case. But, if an adopted rule of procedure works an injustice a court should not hesitate to correct it at the earliest opportunity.

I think the proper rule to be that the statutory period for appeal begins to run from the date of entry of the judgment, continuing to the time the judgment is set aside by the trial court, if that be done, then tolled pending disposition of any appeal from the order setting aside the judgment and until the *remittitur* is received directing reinstatement of the judgment, when the statutory period for appeal from the judgment is again put in motion. In other words, the aggrieved party should have altogether the full statutory time in which to appeal from the judgment.