No. 12,524.

HAYHURST *v.* HAYHURST.
(11 P. [2d] 804)

Decided May 16, 1932.

Mr. JOHN R. CLARK, for plaintiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

NEWLON Hayhurst instituted this action in the county court of Rio Blanco county against his wife Lessie, in which he asked for a decree of divorce on the ground that she had inflicted physical and mental cruelty upon him. Failing to secure personal service upon the defendant of the summons issued in the action, the court, on plaintiff's application and showing, authorized service by publication, which was made. Defendant not appearing in response thereto, the plaintiff had her default entered and thereafter, on September 12, 1927, upon a hearing, the county court made and entered its findings of fact and conclusions of law as provided by section 5604, C. L. 1921. On March 17, 1928, six months and five days after the entry of the so-called interlocutory order, the county court entered its final decree of divorce in favor of the plaintiff. On September 10, 1928, and before the expiration of the six months after the entry of this final decree, the defendant entered her voluntary appearance in the action and filed her verified motion and sustaining affidavits to have set aside the final decree previously entered against her upon the ground, among other things,

that the plaintiff knew and could have ascertained her whereabouts so as to have procured personal service of the summons upon her, and that the service by publication was procured through his misrepresentations and fraud. Notice of the application was served on the plaintiff and he appeared in response thereto and requested additional time to procure and file counter-affidavits, but as the defendant objected thereto upon grounds stated to the court, the county court denied plaintiff's application for a continuance and proceeded to a hearing of the defendant's motion, and on September 13, 1928, sustained the same and thereupon vacated and set aside the default judgment, both interlocutory and final, theretofore entered against her. The court in its order, however, reserved the right to the plaintiff, should he so desire, at a later time to file his further additional motion to set aside this vacating order, and the right to support such motion by additional affidavits, provided such motion be filed prior to the expiration of the September, 1928, term of the county court. Pursuant to this reserved right the plaintiff thereafter, on October 16, 1928, filed in the county court his motion to vacate, set aside and strike from the files its conditional vacating order, and filed supporting affidavits. Counter-affidavits in behalf of the defendant were filed and the matter was submitted to the county court and on January 12, 1929, it entered its findings upon such application and its nunc pro tunc order as of November 30, 1928, the date of its conditional vacating order, whereby the court sustained the plaintiff's motion to set aside and strike from the files the conditional order theretofore entered by the court on September 13, 1928, and in connection therewith and as a part of the same order, reinstated its previous interlocutory order and final judgment in said cause. Thereafter, on January 22, 1929, the defendant prayed for, and was granted by the county court, an appeal to the district court of Rio Blanco county, and to perfect the same filed in the county court an appeal bond which was approved

by the county court and thereupon the cause was certified to, and docketed in, the district court of Rio Blanco county. Thereafter and on March 10, 1929, the plaintiff filed his motion in the district court to dismiss the appeal based upon three grounds as follows, to wit: (1) That the district court is not a court of review of the judgment of the county court in such cases and was without jurisdiction of the subject-matter of the action; (2) that the application by defendant to set aside the final judgment of the county court against her was not made or filed within the time prescribed by law to entitle her to appeal to the district court; (3) that the appeal was not taken or filed in the district court within the time prescribed by statute or the time granted by order of the county court.

On August 13, 1929, the district court overruled the plaintiff's motion to dismiss the appeal and to remand the cause to the county court. The case came on for hearing before the district court upon the complaint and the defendant's answer thereto, in which was set up an affirmative defense. The plaintiff having failed, within the statutory time therefor, to file a replication to the amended affirmative matters of the answer, the court, upon defendant's application, entered plaintiff's default for such failure and the court, the case having been called for hearing, proceeded to a final determination of the cause and rendered judgment for the defendant. It should be stated that, though no notice of appeal was served upon the plaintiff, he, nevertheless, appeared in the district court and filed his motion to dismiss the appeal upon the grounds hereinabove stated.

We have thus set out the history of this case from the time the complaint was filed in the county court to the time of the final judgment in defendant's favor in the district court on the appeal from the judgment of the county court, as the best way to present the question for decision on this review. In the opening brief of plaintiff in error, plaintiff below, he says that all of his assignments of error may be combined into the one question:

"As to whether or not the appeal taken from the county court to the district court was filed within the time prescribed by statute so as to give the district court jurisdiction to try the case de novo?"

We are in accord with counsel in this statement of the controlling issue in the case. That this appeal was properly taken in the circumstances of this case within the statutory period limited for appeals in divorce cases from the county court to the district court, is clear beyond question. Section 5605, C. L. 1921, authorizes appeals to the district court from any judgment or decree of a county court in any action for divorce in the manner provided by law for such appeals in civil actions. Section 5776, C. L. 1921, authorizes appeals to the district court of the same county from all final judgments and decrees of the county court within ten days after the judgment is rendered, or within such further time as the county court may authorize.

When the county court on January 12, 1929, entered its nunc pro tunc order, setting aside and vacating its former order of September 13, 1928, it did not stop merely with the vacating order, but proceeded to reinstate its previous final judgment in the plaintiff's favor. But an order of the court vacating a previous order setting aside a judgment is not in itself a final judgment from which an appeal will lie. *Owen v. Going*, 7 Colo. 85, 1 Pac. 229. In such circumstances it is necessary, as the county court did in this instance, to reenter the original judgment as of the date of its pronouncement.

It is clear that the county court intended by its order made January 12, 1929, to reenter, and it thereupon did reenter, as of this later date its original judgment of September 13, 1928. In other words, the only enforceable final judgment of the county court, and the one into which all of its previous orders or judgments were merged, was pronounced on January 12, 1929. This is more than apparent, for the same judgment in explicit language provided: "That the order of court

made and entered herein on the 13th day of September, A. D. 1928, be and the same is hereby vacated, and that the said final judgment of said cause and the resulting decree * * * be and the same are herein reinstated.'' Words could scarcely be selected that more definitely show that the county court intended to, and did, make its final decree bear the date of January 12, 1929. That being so, such a judgment could not have the effect of a nunc pro tunc order, as of the date of the original decree of divorce in plaintiff's favor, so as to cut off the defendant's right of appeal. *Globe Smelting Co. v. Spann,* 6 Colo. App. 146, 40 Pac. 198, expressly so holds. See also *Rogers v. Savage,* 117 Wash. 521, 201 Pac. 768; *Flint v. Cuny,* 7 La. 379; 2 R. C. L. 105, §80.

These cases lay down the doctrine which we have applied in this opinion, as to the right of appeal to the district court which the defendant exercised in this case. We, therefore, hold that the appeal of the defendant in error in this case from the adverse final judgment and decree of the county court, was taken and perfected within the required statutory time of ten days. The judgment of the district court was therefore right, and it is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS not participating.