[S. F. No. 852.   Department Two.—January 12, 1899.]

In the Matter of the Estate of GREENGROVE DUDLEY, Deceased.   SERENA G. HICKS, Administratrix, Appellant, v. FLORA M. VARIAN, Administratrix, Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF JOINT ADMINISTRATRICES—DIVISION OF COMMISSIONS— ATTORNEY'S FEES — DISCRETION.— The superior court has discretion in settling the accounts of two joint administratrices of the estate of a deceased person to divide the commissions between them, and to apportion the allowance of counsel fees between them, and its action will not be disturbed upon appeal, where no abuse of discretion, or errors of law, appear.

ID.—EXCLUSIVE POSSESSION OF ASSETS—DEMAND—RIGHT TO COMMISSIONS.—The fact that one of the administratrices, who first qualified, took and held exclusive possession of the assets, and proceeded to administer thereupon, and that no formal demand for possession of the property was made by the excluded administratrix, cannot operate to deprive the latter of her right to commissions, where it appears that such demand would have been useless, and that she was willing and anxious to take part in the administration, and performed some acts of administration, and made report of all the facts to the court.

ID.—PAYMENT OF ATTORNEY'S FEES—PRIOR ALLOWANCE.—An administratrix is not required to make payment of her attorney's fees before an allowance thereof by the court, but has the right to have the court determine in the first instance what amount should be allowed before paying the same.

APPEAL from an order of the Superior Court of Humboldt County settling the final account of administration of the estate of a deceased person.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

S. M. Buck, and F. A. Cutler, for Appellant.

George D. Murray, for Respondent.

THE COURT.—This is a contest between two sisters, on unfriendly terms with each other, about amounts due them as administratrices of the estate of their deceased father, Greengrove Dudley, and about some attorneys' fees.   The amount of the commissions is three hundred and eight dollars and eight

cents, all of which is claimed by appellant, as well as a fee for her attorney of two hundred and fifty dollars. The court below divided the commissions between the two, and allowed to each one hundred and fifty-two dollars and fifty-four cents. It also deducted fifty dollars from the amount of the attorney's fee claimed by appellant, and allowed as such fee the sum of two hundred dollars. It also allowed to the respondent for her attorney's fee one hundred and fifty dollars. The matter was largely within the discretion of the court below, and, as we see no errors of law committed by the court, there is no ground for disturbing its action.

The parties were appointed administratrices at the same time; but the appellant qualified and got her letters two days before the respondent, and immediately took into possession all the property of the estate, which, in addition to certain livestock and farming utensils, which by agreement between the parties went to the respondent, was personal property consisting of money in bank and notes and mortgages. The respondent was willing and anxious to take part in the administration, and we think there was sufficient evidence to warrant the court in finding that the appellant excluded her from the possession of the property of the estate, and to a great extent from participating in the administration. It is contended by appellant that respondent did not make any formal demand for the possession of the property, but the testimony of the appellant shows that such demand would have been useless. It is contended, also, that the allowance of one hundred and fifty dollars to respondent's attorney was erroneous because it did not appear that respondent had actually paid that amount to her attorney; but respondent had the right to have the court determine in the first instance what amount should be allowed. (*In re Couts,* 87 Cal. 480; *Pennie v. Roach,* 94 Cal. 515.) It is also contended that the respondent did not file any final account, and that therefore she was not entitled to any allowance; but the report of her administration which she did file stated all the matters necessary to be stated, and was under the circumstances sufficient. The respondent gave her bond and assumed the responsibility of an administratrix, and performed some acts of administration; the case is different from one where a coadmin-

istratrix pays no attention whatever to the administration of the estate, and does not do or seek to do any act as administratrix; the two sisters are the only heirs of the deceased, and there are no creditors or other persons having any interest in the matter; and, as the court below is supposed to have known all the circumstances of the case, we see no reason for holding that it abused its discretion in disposing as it did of these small commissions and attorney's fees.

The orders and judgment appealed from are affirmed.