[Civ. No. 3108. Second Appellate District, Division One.—October 13, 1919.]

E. O. LEAKE, Respondent, v. CITY OF VENICE (a Municipal Corporation), et al., Appellants.

FRED L. ALLES etc., Respondent, v. CITY OF VENICE (a Municipal Corporation), et al., Appellants.

BRAUN, BRYANT & AUSTIN (a Corporation), Respondent, v. CITY OF VENICE (a Municipal Corporation), et al., Appellants.

[1] APPEAL—TIME—EXTENSION OF.—Under section 939 of the Code of Civil Procedure, the sixty-day limit of time for appealing from a judgment cannot be extended, except by the pendency of proceedings on motion for a new trial.

[2] NEW TRIAL—NOTICE OF INTENTION—SIGNATURE BY ATTORNEY NOT OF RECORD—WAIVER OF OBJECTION.—Where the attorneys for the plaintiffs are served with copies of a notice of intention to move for a new trial, and an acknowledgment of receipt thereof is given on the original, without seasonable objection, they cannot later be heard to deny the validity of such notice because it is not signed by the attorney of record, but by another attorney who has been requested by the attorney of record and the defendants to become an attorney of record, but who, through inadvertence in signing the notice, signed his own name alone.

[3] ID.—FAILURE TO SIGN NOTICE OF INTENTION—DEFECT NOT JURISDICTIONAL.—While the law requires that notices of intention to move for a new trial be signed, failure to observe this requirement does not establish a defect of jurisdiction.

MOTION to dismiss appeals from judgments of the Superior Court of Los Angeles County. Russ Avery, Judge. Denied.

The facts are stated in the opinion of the court.

C. E. McDowell and E. B. Coil for Appellants.

Goudge, Robinson & Hughes and E. O. Leake for Respondents.

CONREY, P. J.—Respondents move to dismiss the appeals from the judgments herein, on the ground that no appeal was taken until more than sixty days after entry of judgment in each of the three cases included in the consolidated record on appeal; it being contended by respondents that no proceeding on motion for new trial was pending at any time in either of said actions. [1] Under section 939 of the Code of Civil Procedure, the sixty-day limit of time for appealing from a judgment cannot be extended, except by the pendency of proceedings on motion for a new trial. The records on which the motion to dismiss is based are alike in the several cases.

[2] At and before the time of entry of the judgments, C. E. McDowell was the sole attorney for appellants. Within the time required by law, a notice of intention to move for a new trial was, in each case, served and filed. These were sufficient in all respects, unless they were void by reason of the fact that they were signed by E. B. Coil as attorney for defendants and not by C. E. McDowell. As shown by affidavits contained in the bill of exceptions, Coil had been requested by McDowell and by the defendants to become an attorney of record for defendants in the action, together with McDowell, and had been authorized on behalf of both McDowell and the defendants to sign the notices. By an oversight, due only to inadvertence, Coil omitted to use the name of McDowell in the notices, and signed them by his own name alone. At that time no formal substitution of attorneys, conforming to the requirements of the Code of Civil Procedure (section 284), had been made. When those notices were served on the attorneys of the plaintiffs, they indorsed thereon acknowledgments of receipt of copies, and made no

objection to the notices at that time. When the motions for new trials were about to be heard by the court (that being long after the time within which notice of intention to move for a new trial could have been given), the plaintiffs for the first time suggested that the notices of intention were insufficient because not signed by the attorney of record.

So far as respondents are concerned, the situation is not different from that which would have existed if McDowell himself had prepared and served the notices, but had inadvertently omitted to sign his name thereto. For the notices were in fact the intended act of McDowell and of his clients. This being so, the physical fact of signature on the paper was merely a mode of identification, required for the benefit of respondents, which they might waive. Having received the copies and given acknowledgment of receipt thereof, without seasonable objection, respondents should not later be heard to deny the validity of notices so given. (*Livermore* v. *Webb,* 56 Cal. 489.) **[3]** While the law requires that such notices be signed, failure to observe this requirement does not establish a defect of jurisdiction, any more than in the case of a complaint filed without signature. But the omission of the signature to a complaint does not make the pleading a nullity. (*Canadian Bank* v. *Leale,* 14 Cal. App. 307, [111 Pac. 759].)

The motion to dismiss is denied.

Shaw, J., and James, J., concurred.