[Civ. No. 6191. Second Appellate District, Division One.—October 31, 1928.]

In the Matter of the Estate of J. J. MORGAN, Deceased. A. F. MORGAN et al., Appellants, v. ARTHUR G. BAKER et al., Respondents.

618

G. R. Dexter and Raymond S. Taylor for Appellants.

Arthur G. Baker for Respondents.

CRAIL, J., *pro tem.*—On August 7, 1925, special letters of administration were issued to Henry H. Matthieson and two others. The petition for appointment was signed by appellants, G. R. Dexter and Raymond S. Taylor, as attorneys for the petitioners. They appeared at the hearing and became attorneys of record. Shortly after the death of the decedent, Henry H. Matthieson filed of record certain deeds in favor of his wife and others, which had been placed in his hands for that purpose by the decedent. The other administrators and their attorneys, appellants herein, believing that the deeds were invalid for failure of delivery, brought an action to quiet title against the grantees and included, as one of the defendants, the said Matthieson, both as administrator and in his individual capacity. Thereupon, and on September 5, 1925, said Matthieson, "having lost confidence in" appellants as his attorneys, employed the respondent Arthur G. Baker. At all times thereafter respondent represented said Matthieson, with the knowledge of appellants, but no formal substitution of attorneys was entered on the record; and it is the contention

of appellants that respondent acted merely as attorney for Matthieson in his individual capacity.

On December 27, 1926, after a full hearing, the court made an order settling the final account of the two special administrators, overruling certain objections which were filed by Matthieson, administrator, and in the same order made an allowance to respondent, as attorney for Matthieson, of a sum equal to one-fourth the sum which it allowed to appellants. It is from this order that the appeal is taken.

There was some sparring for position by attorneys on both sides in the trial court for the reason that each was accusing the other of unethical conduct in representing adverse interests. But no adverse interest seems to have suffered by reason of the alleged betrayals of trust, and no such claim is now made; nor is such a question before us for review. When stripped of unpleasant personalities and acrimonious aspersions at the conduct and motives of the respective parties, freely hurled at each other in the briefs, the questions for determination lend themselves more readily to solution.

It is first contended by appellants that under the facts and circumstances in evidence the respondent never was attorney for Matthieson, as special administrator. But there is substantial evidence in the record that respondent did so act during the entire period covered by the order. This is a question of fact to be determined by the trial court and we would not be justified in setting aside its order in this regard.

The same is true with reference to appellants' next contention that the portion of the allowance covering the period from September 5, 1925, to October 1, 1925, was prior to any employment of said counsel by anyone. The same is true with reference to appellants' contention that the period from October 1, 1925, to April 13, 1926, covered a time when appellants had been notified in writing by respondent that he was acting for Matthieson as an individual.

The same is true with reference to the contention that during this period respondent Baker prepared no papers, made no court appearances, nor assumed any responsibility to the court in the conduct of the legal affairs of the estate. These were circumstances in evidence to be weighed by the trial court on the question of the employ-

ment of respondent and his services thereunder along with the other evidence bearing upon those questions.

The same is true with reference to appellants' next contention which covers the period from April 13, 1926, to November 10, 1926; and as to appellants' next contention that the order in its entirety must fall, even though one or more of the foregoing contentions be untenable, there being no means available to apportion the allowance if respondent were not attorney for Matthieson, administrator, during the whole period covered by the order.

The contention that there could be no allowance of fees to respondent because he was never formally substituted as attorney for the administrator on the records of the court, and because no written notice of the motion to substitute was given, requires more extended consideration. In this connection it should be borne in mind that the order appealed from involves, and only involves, the distribution between attorneys of a fractional part of the statutory attorney's fees in a probate proceeding. No one, other than the attorneys themselves, is interested in the outcome. The estate of decedent will not be taxed with greater fees, whether the order appealed from be affirmed or reversed. In this sense neither the administrators of the estate nor the heirs are interested parties, and the rights of an ordinary litigant to notice of motion to substitute attorneys are not involved. There is substantial evidence in the record that appellants had actual notice that Matthieson, administrator, had employed respondent as his attorney and was using him as such during all the period covered by the order. Appellants actually brought an action against Matthieson, as administrator, prior to that period, and it was for this reason that he first employed respondent and notified appellant Dexter that he had lost confidence in him. There are no intervening equities and no claim by appellants that anything was done which would not have been done had there been a formal substitution of attorneys and written notice thereof. The cases hold that formal substitution of attorneys and notice thereof may be waived. (*Livermore* v. *Webb*, 56 Cal. 489; *Leake* v. *City of Venice*, 43 Cal. App. 568 [185 Pac. 424]; *Starkweather* v. *Eddy*, 196 Cal. 74 [235 Pac. 734].) In addition to the actual notice, the record shows that four months before the date of the

order appealed from appellants signed a receipt for a notice as "attorneys for W. L. Pollock and A. F. Morgan," the two other administrators. The notice was from Matthieson, as administrator, and was signed by respondent Baker, as his attorney. No objection was made that respondent was not so employed. Later, when respondent was appearing in court as attorney for Matthieson, administrator, no objection was made to the appearance. On the contrary the court was told by appellants that "when the proper time comes, Mr. Baker, we will challenge your authority as attorney for the executor, but that is a matter of further development." Under the circumstances it will be deemed that the written notice and formal substitution were waived.

The superior court has discretion in settling the accounts of joint administrators to apportion the allowance of counsel fees between their attorneys, and its action will not be disturbed on appeal, where no abuse of discretion or errors of law appear. (*Estate of Dudley*, 123 Cal. 256 [55 Pac. 897].)

The order appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.