In the Matter of the Estate of NORA FELTON, Deceased.

Surrogate's Court, Schenectady County, August 19, 1950.

*Harry G. Coplon,* petitioner in person.

*Samuel Schopick* for Helen F. Hirschberg, as sole executrix of Nora Felton, deceased, respondent.

CAMPBELL, S.  Harry G. Coplon, Esq., an attorney and counselor at law of this State since 1913, applies to this court for fixation of his compensation for legal services rendered in the above entitled estate.

Testatrix died in Los Angeles, California, on March 22, 1948, being at that time a resident of the county of Schenectady.  Her last will and testament, dated October 19, 1944, and admitted to probate April 30, 1948, contained the following provision: '' I further request that my executors above named retain Harry G. Coplon, as attorney to look after the interests of my estate.''

Mr. Coplon served testatrix as her attorney during her lifetime for a period of thirty-five years.

The will nominated two of testatrix's three children as the personal representatives of the estate, William G. Felton and his sister, Mrs. Helen F. Hirschberg.  The son renounced his right to serve, leaving the daughter as the sole executrix.

Mrs. Hirschberg resided near the city of New York at the time of her mother's decease, and she deemed it practical and expedient to retain the law firm of Schopick & Davis of that city.  They informed the executrix that it would be advisable and convenient for all concerned to retain a Schenectady attorney to assist in the legal work involved in the administration of testatrix's estate.  Accordingly, at the suggestion of Mrs. Hirschberg, petitioner was engaged to cooperate with Messrs. Schopick & Davis.

Immediately prior to this employment, Mr. Samuel Schopick informed this petitioner that he, Mr. Schopick, had agreed with the children of testatrix that his fee would be only $1,000 and for that reason a fee of $350 for Mr. Coplon would be reasonable compensation.  This arrangement was agreed upon by both

attorneys. Mr. Coplon, however, in a letter accepting his assignment, indicated that the fee of $1,000 was insufficient and not a proper charge in this particular estate.

Upon the filing of the New York State estate transfer tax proceeding on October 1, 1948, it was disclosed that the firm of Schopick & Davis had requested and charged a fee of $1,750. In view of this fact, petitioner claims his prior agreement was abrogated and that his allowance should be increased. Therefore, he asks this court to fix his compensation.

Section 231-a of the Surrogate's Court Act empowers this court to fix and determine the fee of an attorney for services rendered to an estate and to direct payment thereof.

The increased fee to Messrs. Schopick & Davis of $1,750, instead of $1,000, as originally agreed upon, abrogated petitioner's agreement and left the latter in a position to receive compensation for his services to this estate on the basis of *quantum meruit.* (*Matter of Montgomery,* 272 N. Y. 323; *Matter of Pagnotta,* 161 Misc. 415, 418.)

Our courts have held repeatedly that the elements to be considered in fixing and determining an attorney's compensation for services rendered are the time spent in the work, the difficulties involved, the nature of the services, the amount involved, the professional standing of counsel, and the results obtained. (*Matter of Potts,* 123 Misc. 346, affd. 213 App. Div. 59, affd. 241 N. Y. 593; *Matter of Lester,* 172 App. Div. 509; *Matter of Sewell,* 32 Misc. 604, 607; *Matter of Lewi,* 199 Misc. 99 [1950].)

The record, stipulated by the attorneys to be considered by this court, shows that petitioner's opinion was solicited on many occasions in connection with important legal matters arising in the administration of this estate; that he made extensive examinations of many reported legal cases bearing on the questions involved; that he was called upon to write approximately nineteen letters to the law firm of Schopick & Davis and that the latter wrote twenty-six letters to Mr. Coplon; that petitioner received nine other important communications through the mail from Schopick & Davis which petitioner studied and answered within the scope of the legal profession. In addition, petitioner had several personal and important consultations with Mr. Schopick in Schenectady.

A serious question was presented in the matter of the Federal inheritance tax and the New York State transfer tax proceedings involving 150 shares of the Felton Chemical Company, Inc., stock given by decedent to close relatives on September 7, 1944, in which petitioner rendered very valuable services.

On October 1, 1948, a *pro forma* order was entered in this court in the State transfer tax proceedings determining that the gross estate amounted to $131,797.69; the net estate was fixed at $127,108.37, and consequently a tax of $1,021.08 was due this State. This included the gift of the 150 shares of the Felton Chemical Company, Inc., stock above mentioned. This stock was valued at $66,915, or approximately one half of the total gross estate as fixed by this court's *pro forma* order.

The executrix contended that the transfer of this stock was an *inter vivos* gift not made in contemplation of death, while the State and Federal tax authorities contended the gifts were made *causa mortis.* and, therefore, taxable.

Through the efforts of the attorneys in this estate, including petitioner, the Federal Government finally ruled that the gifts of the stock should not be taxed and the State of New York transfer tax officials held that the evidence did not sustain a ruling that the stock was transferred in contemplation of death and, therefore, the transfers of the stock were held by both jurisdictions not to be taxable.

Accordingly, on January 31, 1950, an amended State transfer tax order was entered in this court setting forth that the gross' estate was $64,882.69; the net estate, $60,193.37, and the tax due $451.93. The State transfer tax proceeding indicates that the commissions of the sole executrix are $720.

Petitioner insists that an affidavit made by him in connection with both the Federal and State transfer tax proceedings was of the utmost importance in inducing the United States Treasury Department to waive its contention that the 150 shares of the Felton Chemical Company, Inc., was a gift *causa mortis.* In this contention, this court concurs.

During the argument before this court on this application, the court interrogated Mr. Schopick regarding the amount of Federal and State inheritance taxes which was saved by the successful prosecution of this tax matter, and he replied that in his opinion approximately the sum of $13,500. In view of this saving to the estate, a denial of petitioner's application for an increase in his compensation would be wholly unwarranted.

Our courts have from time immemorial been most conscientious in the exercise of their prerogatives to assure litigants and clients that fees and allowances for legal services are proper, fair and just.

On the other hand, it is apparent that attorneys' fees and allowances have not kept pace with the present economic spiral.

In many cases, allowances have not been comparable to the compensation now paid skilled tradesmen and those engaged in the other learned professions.

Many bar associations in this State have recognized this fact and have in recent years adopted minimum fee schedules. The Schenectady County Bar Association, following this trend, two years ago adopted this *minimum* fee rule: " Complete legal services in administration of estates, 5% of the gross estate up to $50,000, and 3% on the excess over and above $50,000."

Applying this measuring rod to the case at bar, the minimum fee would be $2,500 on the first $50,000 of this gross estate of $64,882.69, and $446.48 on the balance of the gross estate of $14,882.69, making a total fee or allowance on this basis of $2,946.48. This, of course, does not take into consideration the saving to this estate of approximately $13,500 in both Federal and State inheritance taxes as above mentioned.

To date, this estate is committed to a disbursement of only $1,750 for legal services notwithstanding the complicated tax questions involved; the sale of the Schenectady apartment house, appraised at $36,000, and many other legal matters. This expenditure is $1,196.48 less than the minimum fee authorized by the Schenectady County Bar Association.

The law firm of Schopick & Davis made a contract with the executrix to perform the legal work involved in this estate before it was known by the members of that firm what complications would be encountered and the vast amount of work required.

This court is of the opinion that all the attorneys who participated in the settlement of this estate performed their professional services in an able, skilful, capable and conscientious manner and that they should be amply paid in the light of present day conditions. An old adage runs: " The laborer is worthy of his hire." This applies alike to members of the legal profession.

In view of all the complicated facts and circumstances involved, and after a thorough perusal of the vast amount of necessary correspondence in connection with this estate, the court concludes that petitioner is entitled to a total fee of $1,000, which includes all his disbursements, payable from the assets of this estate.

Enter order accordingly.