Frank S. McCullough, J.
Defendant moves for summary judgment in an action brought for an accounting of the plaintiff’s alleged share of fees received by the defendant from a certain estate. The plaintiff’s action is predicated upon an alleged “ joint venture agreement ” between the parties to share legal fees payable by the said estate.
The complaint alleges that on or about July 19, 1961 the executrices and trustees in the last will and testament of Adolf Mandel requested the plaintiff and defendant to act jointly as attorneys for the estate of said decedent and that plaintiff and defendant agreed to do so. It is further alleged that on or about July 21, 1961 “plaintiff and defendant entered into a joint venture agreement to share equally the fees for legal services then being rendered and to be rendered for and on behalf of said estate of Adolf Mandel.” The complaint then alleges a conspiracy, allegedly as a result of which the executrices discontinued the plaintiff’s services as attorney for said estate, but continued the defendant as the sole attorney therefor.
The defendant contends that the complaint is insufficient in law on two grounds, first because the fixing by the Surrogate of the value of the services rendered by the plaintiff prior to July 31, 1961 bars any claim in this action in respect thereto; and, secondly, because the plaintiff’s demand to share in the fees for services rendered by the defendant subsequent to July 31, 1961 contravenes public policy and transgresses ethical principles.
Executors who employ an attorney for an estate can terminate his services at any time subject only to his right to reasonable compensation for services rendered. They are not required to establish justifiable cause for the discharge and may dispense with his services at any time without cause. (Matter of Montgomery, 272 N. Y. 323; Matter of Krooka, 257 N. Y. 329; Matter of Tillman, 259 N. Y. 133; Matter of Carlin, 201 Misc. 43.)
*1094 A proceeding was brought before the Surrogate of Westchester County to fix the reasonable value of the plaintiff’s services to the estate for the period July 19, 1961 to July 31, 1961. Following the commencement of the instant motion the Surrogate rendered a decision and made an award to the plaintiff.
There is no allegation by the plaintiff that he either participated in or shared responsibility for the legal services rendered by the defendant to the estate after July 31, 1961.
The courts have declared that an agreement for the sharing of fees paid for services with one not actually performing same would be against public policy and unenforcible (Clark v. McClintock, 252 App. Div. 857; Baylis v. Wood, 248 App. Div. 585). The plaintiff seeks to distinguish, the cases cited by the defendant on the ground that they are concerned primarily with the right of á referring attorney to share in fees. It is the plaintiff’s contention that the holdings of these cases are not applicable because of the existence of the joint venture agreement between the parties in the instant action.
The court does not agree with the plaintiff’s approach. The splitting of fees among attorneys without regard to the services actually performed is- considered to be against public policy. The court calls attention to canon 34 of the Canons of Professional Ethics which states: “ bio division of fees for legal services is proper, except with another lawyer, based upon a division of service or responsibility.”
In the opinion of the court, the clearly stated public policy with respect to division of attorneys’ fees cannot be overcome merely by an alleged joint venture agreement between attorneys.
Accordingly, the motion for summary judgment in favor of the defendant is granted.