■ MORRIS ORENSTEIN, Appellant, v. HARRY P. ALBERT, Doing Business under the Name of BERLIN, BERLIN & ALBERT, Respondent.— In an action between two attorneys to compel the defendant to account for moneys received by him arising out of an alleged joint venture agreement to share the work and fees as attorneys for the executrices of an estate, in which the complaint alleges, *inter alia*, that defendant, for the purpose of depriving plaintiff of his share of the fees, wrongfully induced the executrices to discharge the plaintiff, he appeals: (1) from an order of the Supreme Court, Westchester County, dated July 30, 1963, which granted defendant's motion for summary judgment dismissing the complaint pursuant to rule 113 of the former Rules of Civil Practice; and (2) from the judgment, dated August 27, 1963, entered on said order. Order and judgment affirmed, without costs. On July 19, 1961 the plaintiff and the defendant, both attorneys, were retained by the executrices

of a decedent's estate. Plaintiff was discharged on July 31, 1961. In this action plaintiff claims that a joint venture agreement which was made July 21, 1961, existed between plaintiff and defendant for a division of the services and fees in connection with the estate; that defendant induced the executrices to discharge plaintiff in order to receive the entire fee himself; and that such action by the defendant was a breach of the fiduciary relationship existing between plaintiff and defendant. The value of plaintiff's services for the work done by him up to the time of his discharge has been fixed in a proceeding under section 231-a of the Surrogate's Court Act (*Matter of Mandel*, 20 A D 2d 719). Since the executrices did not breach any contract of employment when they discharged plaintiff (*Matter of Montgomery*, 272 N. Y. 323; *Martin v. Camp*, 219 N. Y. 170), defendant cannot be guilty of inducing the breach of a contract. The alleged joint venture agreement between plaintiff and defendant was necessarily contingent on the right of the executrices to terminate the employment of either one or both of the attorneys before the alleged joint venture was completed. (For the opinion of the Justice at Special Term, see 39 Misc 2d 1093.) Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.