CHUCK MAU, APPELLANT, *v.* WOODBURN, FOR-MAN, WEDGE, BLAKEY, FOLSOM AND HUG, A PARTNERSHIP, RESPONDENT.

No. 4688

April 6, 1964                                          390 P.2d 721

---

*Jones, Wiener & Jones*, of Las Vegas, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug*, of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

The last will and testament of Marion B. Hicks, together with a codicil thereto, were admitted to probate in the lower court. Lillian Hicks and First National Bank were appointed executors thereof. The said codicil directed decedent's executors to employ William K. Woodburn, of Reno, Nevada, and Chuck Mau, of Honolulu, Hawaii, as their attorneys in the probate proceedings. The petition for probate and all papers thereafter filed on behalf of the executors named Chuck Mau and the respondent[1] as attorneys for Lillian Hicks and First National Bank.

The order admitting the will and codicil to probate and for letters testamentary was signed and filed September 28, 1961. On December 14, 1962 the respondent

---

[1] Woodburn, Forman, Wedge, Blakey, Folsom and Hug will be referred to herein as one person.

and appellant petitioned the lower court for an allowance of attorney fees on account, and the petitioners alleged therein that they had not been able to agree between themselves as to the division of fees. The prayer of the petition also asked that of the fees allowed the court determine the amount thereof due the appellant and the amount due the respondent.

After a hearing on the petition for allowance of attorney fees the lower court approved an allowance of attorney fees on account and concluded that four-fifths thereof was a reasonable fee to be allowed respondent and one-fifth thereof was a reasonable fee to be allowed appellant. Judgment was entered accordingly and appeal is from the judgment.

It is appellant's contention that inasmuch as there was no agreement between the appellant and respondent with respect to a division of the fees, the fees should be shared equally between appellant on the one hand and respondent on the other. On the other hand, respondent contends that the lower court was empowered to divide the fees allowed in such proportions as it deemed proper.

The respondent consists of attorneys all of whom are admitted to practice in the State of Nevada. On the other hand, appellant is not a member of the Nevada State Bar, but is a member of the Bar of the State of Hawaii.

After the employment of appellant and respondent, respondent immediately commenced negotiations with Bonanza Hotel, Inc., the owner of the Thunderbird Hotel, in Las Vegas, for the sale of the estate's stock in Bonanza Hotel, Inc. Finally, in October of 1962, a sale of the stock was consummated for $2,520,000. It appears from the record that Mau's services to the estate were minor and perhaps detrimental to the estate, because in the sale transaction he took a position antagonistic to the interests of the widow, who is the chief beneficiary of the estate. According to the testimony of an expert, R. O. Kwapil, Vice-President and Trust Officer of said First National Bank, "an allocation [to Mau] in the neighborhood of five percent would be generous."

Respondent maintains that NRS 150.060 empowers the court to apportion attorney fees among lawyers undertaking in concert to represent executors. This statute in part provides as follows:

"1.   All attorneys for estates or executors or administrators appointed in the proceedings shall be attorneys of record with like powers and responsibilities as attorneys in other actions and proceedings, and shall be entitled to receive a reasonable compensation, to be paid out of the estate they respectively represent, for services rendered, to be allowed by the court.

"2.   Any attorney who has rendered services to an executor or administrator at any time after the issuance of letters testamentary or letters of administration, and upon such notice to the executor or administrator and to the persons interested in the estate as the court or a judge thereof shall require, may apply to the court for an allowance upon his fees. On the hearing, the court shall make an order requiring the executor or administrator to pay such attorney out of the estate such compensation, on account of the services rendered up to that time, as the court shall deem proper, and such payment shall be made forthwith."

According to respondent, under this statute attorneys are entitled to a reasonable compensation only for *services rendered*. Section 2 of said statute provides that *any* attorney who has rendered services to an executor may apply to the court for an allowance upon *his* fees. Both Mau and Woodburn did just this in their petition below.

It is not questioned that the total amount allowed was a reasonable amount to allow as attorney fees on account. Appellant contends that in the absence of an express agreement to the contrary, equal division of the profits is implied without regard to any inequality of services rendered. Such is the rule with respect to joint adventures. Botsford v. Van Riper, 33 Nev. 156, 110 P. 705.

We have concluded that the cases involving joint adventures are not applicable to the present situation. With few exceptions they do not concern attorneys in probate proceedings and the joint-adventure rule has

been applied most frequently in contingent fee situations where compensation is not related to services actually performed. Annot., 73 A.L.R.2d 991. Furthermore, in such cases there was no governing statute such as NRS 150.060.

NRS 150.060 expressly states that the compensation to be allowed by the court is for services rendered. Under this statute only the court can determine the amount of compensation to be allowed. Any agreement between an executor and his attorney with regard to the attorney's compensation can be disregarded by the court. The amount of attorney fees is left solely to the discretion of the court, and we believe that this statute likewise gives the court power to apportion the compensation it allows between co-counsel on the basis of services rendered. In re Felton's Estate, 199 Misc. 507, 99 N.Y.S.2d 351; In re Morgan's Estate, 94 Cal.App. 617, 271 P. 762; cf. Hope v. Jones, 24 Cal. 89; see 21 Cal.Jur.2d 378; 2 Bancroft's Probate Practice § 444 (2d ed. 1950).

Section 38.20 of Cal.Est.Admin. (Cont.Ed.Bar) provides:

"Even though two or more representatives or attorneys have acted either concurrently or successively during the period of administration, only one representative's and one attorney's statutory fee can be allowed. Prob. C. §§ 901, 910; Estate of Morgan (1928) 94 C.A. 617, 271 P. 762. It must be apportioned on the basis of the services actually performed.

"Concurrent or successive representatives or attorneys may agree between themselves upon apportionment of the fee but the court should approve the agreement. If the court does not believe the agreement compensates the parties equitably for their relative services, or disapproves for some other reason, the court's apportionment will prevail over the agreement. The court's apportionment will not be disturbed on appeal in the absence of a showing of abuse of discretion. Estate of Gonzales (1949) 93 C.A.2d 440, 209 P.2d 21.

"If the court does not make an apportionment of fees, the matter is left open for future consideration. The parties may apply for a supplemental order apportioning their commissions and fees.

"Where joint attorneys representing one executor cannot agree on apportionment of the fee between themselves, and do not request the court to apportion it, they are entitled to share it equally. Ford v. Freeman (1919) 40 C.A. 221, 180 P. 545."

Our construction of NRS 150.060 is in accord with sound public policy. Cf. McFarland v. George, 316 S.W.2d 662 (Mo.App. 1958); Orenstein v. Albert, 39 Misc.2d 1093, 242 N.Y.S.2d 505.

The lower court had the power under NRS 150.060 to apportion the attorney fees allowed between the respondent and appellant. The evidence supports the apportionment as made by the lower court.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.