TERESA CORSIGLIA, ESQ., AND ADON V. PANAT-TONI, ESQ., APPELLANTS, v. WILLIAM L. HAM-MERSMITH, ESQ., RESPONDENT.

No. 4888

July 12, 1965                                404 P.2d 8

[Rehearing denied August 3, 1965]

*Teresa Corsiglia,* and *Adon V. Panattoni,* of Sacramento, California; *Bradley & Drendel,* of Reno, for Appellants.

*William L. Hammersmith,* for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appeal is from a judgment apportioning fees among the executor's attorneys on the basis of services performed during probate. John Granata died in November 1962. His wife, Filomena, died the following month. Their joint and mutual wills, executed in 1958, named the First National Bank as executor, and suggested the employment of John Gabrielli of Reno, Nevada, and Adon Panattoni and Teresa Corsiglia, partners, of Sacramento, California, as the executor's attorneys. Gabrielli was elected district court judge, and assumed his judicial duties on the first Monday of January 1963, thus precluding his participation as one of the attorneys for the executor. He suggested that his friend, William Hammersmith, be substituted in his place, and this was done. Soon thereafter, the attorneys reached an agreement about fees. Hammersmith, on the one hand, and the firm of Panattoni and Corsiglia, on the other, were to share equally all fees, including extraordinary fees, regardless of the division of work. The estate proceeding was then commenced.

In October 1964 Hammersmith filed a "Petition for Apportionment of Fees," in which he flatly repudiated

the agreement he had made with Corsiglia and Panattoni and requested the court to apportion fees on the basis of the relative services performed. The petition for apportionment was apparently prompted by our opinion in Mau v. Woodburn, 80 Nev. 184, 390 P.2d 721, for reference is made to that case in the petition. The lower court did not honor the agreement of counsel. It found: "Upon examination of the Petition and reports of services rendered to the estate by respective counsel and an examination of the files and records of said estate, the court finds that the agreement submitted to the Court for its approval is inequitable by reason of the disproportionate amount of work performed by respective counsel on behalf of said estate." It concluded that Hammersmith should receive $14,612.33 ($10,775.33 for ordinary services and $3,837.00 for extraordinary services), and the firm of Panattoni and Corsiglia $5,387.67. Judgment was entered accordingly and this appeal followed. We reverse.

This case and Mau v. Woodburn, supra, are poles apart. In Mau the attorneys had not agreed between themselves as to a division of fees. Therefore the court made a division based upon services rendered by respective counsel. Here, we have the solemn agreement of counsel providing for an equal division of fees regardless of who performed the work. It is, of course, true that the Mau opinion quotes with approval the following language from a California case: "Concurrent or successive representatives or attorneys may agree between themselves upon apportionment of the fee but the court should approve the agreement. If the court does not believe the agreement compensates the parties equitably for their relative services, or disapproves for some other reason, the court's apportionment will prevail over the agreement. The court's apportionment will not be disturbed on appeal in the absence of a showing of abuse of discretion." The ruling of the lower court and the respondent's position here rest solely upon that quotation. We do not find that language troublesome, nor do we think that it authorizes a court to ignore a

390

fee agreement between counsel which, by its express terms, contemplates and provides for an unequal division of the work. True it is that, had the agreement simply provided for a division of the fee, without more, a court, in line with the quoted paragraph could, in its discretion, make a different apportionment. In such case there is room for dispute whether the fee division contemplated a corresponding work division. This, however, is not the case before us. Here, the contracting attorneys expressly agreed upon an equal division of the fee, regardless of the division of the work. There is no room left for the exercise of discretion by the court. The agreement must be enforced, absent recognized legal defenses. The respondent's repudiation of his agreement is unbecoming to a member of our bar. We regard the lower court's ruling as plainly wrong. The selected quotation from Mau v. Woodburn was unnecessary to the holding of that case and was not meant as an invitation to counsel to repudiate fee agreements, nor may it sensibly be so construed.

The judgment below is reversed, and the lower court is directed to apportion equally the attorneys fees which it authorized, ordinary and extraordinary, in accordance with the agreement of counsel.

BADT, J., and ZENOFF, D. J., concur.