■ HARRY ZIMMERMAN, Appellant, v CHARLOTTE V. BATZ, Defendant, and HERBERT G. FRIEDGEN, Respondent.—In an action, inter alia, for an accounting and to recover damages for malicious interference with a contract, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated June 20, 1977, as, upon granting defendant-respondent Friedgen's motion to reargue a prior order of the same court, which denied his motion to dismiss the complaint as against him pursuant to CPLR 3211 (subd [a], par 7), vacated the prior order, severed the action as against respondent, and granted the motion to dismiss. Order affirmed insofar as appealed from, without costs or disbursements, and with leave to plaintiff-appellant to serve an amended complaint asserting the theory of quantum meruit. Plaintiff's time to serve an amended complaint is extended until 20 days after entry of the order to be made hereon. Plaintiff's client could dismiss him at will without cause (see Matter of Krooks, 257 NY 329) and respondent, therefore, could not wrongfully induce the breach of the agreement (see Krim Cartage Co. v Courier Servs., 52 AD2d 831). The alleged joint venture agreement was of no effect at the time of plaintiff's discharge and he can be compensated only by way of quantum meruit (see Orenstein v Albert, 20 AD2d 720). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.